```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

THOMAS TENKOTTE,                 :
                                 : NO. 1:05-CV-000218
        Plaintiff,               :
                                 :
                                 : **OPINION AND ORDER**
   v.                            :
                                 :
                                 :
CITY OF CINCINNATI,              :
                                 :
        Defendant.               :
                                 :

This matter is before the Court on Defendant's Motion in Limine to Exclude Evidence of EEOC Determination and EEOARB Decision (doc. 23), Plaintiff's Memorandum in Opposition to Motion in Limine (doc. 25), and Defendant's Reply in Support of the Motion (doc. 29).  For the reasons stated herein, the Court GRANTS Defendant's motion as to the Federal Equal Employment Opportunity Commission ("EEOC") determination and DENIES Defendant's motion as to the Equal Opportunity Administrative Review Board ("EEOARB") decision.

**I. Discussion**

   **A. Parties' Arguments**

   Prior to this litigation Plaintiff sought and obtained decisions regarding this matter from the EEOARB of the City of Cincinnati and the EEOC (doc. 23). Defendant filed this motion on August 15, 2006, asking the Court to preclude the Plaintiff from

using testimony or documentation regarding any determination by the EEOC or its representatives that in any way relates to their findings and/or probable cause of discrimination determined, as well as the decision of the EEOARB of the Defendant City of Cincinnati (Id.).  Defendant avers that allowing this evidence violates Fed. R. Evid. 403 in that the probative value would be substantially outweighed by unfair prejudice (Id.).  In support, Defendant cites Williams v. Nashville Network, 132 F. 3d 1123 (6th Cir. 1997), which excluded an EEOC determination of probable cause because the jury may have attached undue weight to the evidence (Id.).  Defendant argues that this reasoning applies not only to the EEOC determination, but the EEOARB decision as well (Id.). Defendant further argues that allowing the EEOARB decision would create a disincentive to the City and other employers to provide an internal avenue to assist in the resolution of employment issues (Id.).

Plaintiff avers the probative value of both determinations outweigh any prejudice that the admission of such documents might have (doc. 25). Plaintiff states the "EEOARB's and EEOC's participation in Plaintiff's claim shed light on the factual issue of the City's alleged failure to reasonably accommodate Plaintiff" (Id.).  Plaintiff argues that this case is distinguishable from Williams in two ways.  First, Williams only considered an EEOC determination, not an internal review like the

-2-

EEOARB decision (Id.)  Second, Plaintiff contends that while the plaintiff in Williams failed to establish any probative value of the EEOC document, the EEOC and EEOARB determinations in this case have a substantial probative value  (Id.).

**B. Analysis**

Rule 403 permits otherwise relevant evidence to be excluded when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.  Defendant contends that both the EEOC and EEOARB determinations should be excluded under this rule (doc. 23).

The Court finds that as to the EEOC determination, Defendant's argument is well-taken.  Defendant points out that Williams stated that EEOC determination letters, such as the one issued in this case are "widely considered to be presumptively inadmissible because it suggests that preliminarily there is reason to believe that a violation has taken place and therefore results in unfair prejudice to defendant" 123 F.3d at 1129 (quoting EEOC v. Manville Sales Corp., 27 F.3d 1089, 1095 (5th Cir. 1994)). Following the 6th Circuit precedent established in Williams, the Court finds that any probative value the EEOC decision may hold is outweighed by the prejudice to Defendant.  Therefore, the Court will preclude Plaintiff from using testimony or documentation regarding any determination by the EEOC or its representatives that

is in any way related to the EEOC finding and/or probable cause of discrimination.

However, Defendant's argument does not stand up when applied to the internal decision of the EEOARB of the City of Cincinnati.  Defendant cites no authority that would persuade the Court to extend the holding in Williams to a decision rendered by Defendant's own review board (docs. 23, 29).  In fact, Defendant does not object to the admission of other internal documents created in response to Plaintiff's request for accommodations (doc. 22).  The Court perceives a real distinction in the probative value of the wholly independent determination of the EEOC and the internal decision of the EEOARB.  While the EEOARB decision may carry some prejudicial effect, it does not substantially outweigh the decision's probative value as required for exclusion under Fed. R. Evid. 403.

Further, the Court is not persuaded by Defendant's argument that if the Court finds the EEOARB decision is admissible, it would create a disincentive to Defendant and other employers to provide internal avenues for resolving employment issues.  Defendant presents no evidence to support this contention and the Court is not inclined to give the argument merit.  Therefore, the Court denies Defendant's motion to exclude the decision of the EEOARB.

**II. Conclusion**

        For the foregoing reasons the Court GRANTS Defendant's motion as to the EEOC determination and DENIES Defendant's motion as to the EEOARB decision.

        SO ORDERED.

Dated: November 1, 2006       /s/ S. Arthur Spiegel
                                            S. Arthur Spiegel
                                            United States Senior District Judge